Mr. Bernard A. Conko General Counsel Riviera Beach Housing Authority Post Office Box 13146 North Palm Beach, Florida 33408-7146
Dear Mr. Conko:
On behalf of the Riviera Beach Housing Authority you ask substantially the following question:
May the Riviera Beach Housing Authority use federal or private grants to reimburse travel expenses at rates other than those prescribed in section 112.061, Florida Statutes, when such grants allow reimbursement greater than the statutory rates?
In sum:
The Riviera Beach Housing Authority may not use federal or private grants to reimburse travel expenses at rates other than those prescribed in section 112.061, Florida Statutes.
You state that the Riviera Beach Housing Authority receives grants from various sources. Many grants include funds for training, seminars, and conferences, with some grants containing guidelines for per diem and subsistence rates to be reimbursed to participants for such events at rates greater than those prescribed in section 112.061, Florida Statutes. You question, therefore, whether when grant funds are only administered and disbursed by the housing authority, may the authority follow the reimbursement guidelines contained therein.
Section 112.061, Florida Statutes, sets forth the uniform travel expense law for public agencies of this state. The Legislature's intent is that travel expenses and per diem for all public officers, employees, or authorized persons whose travel expenses are paid by a public agency be subject to the rates and limitations set forth in the statute, unless expressly exempted by general law or in conflict with special or local law.[1]
For purposes of section 112.061, Florida Statutes, "[a]gency or public agency" is defined as:
"Any office, department, agency, division, subdivision, political subdivision, board, bureau, commission, authority, district, public body, body politic, county, city, town, village,municipality, or any other separate unit of government created pursuant to law."[2] (e.s.)
The Riviera Beach Housing Authority was created pursuant to Chapter 421, Florida Statutes. As an authority created pursuant to general law, the housing authority would be an agency for purposes of section 112.061, Florida Statutes.
Section 112.061, Florida Statutes, states that its provisions prevail over any conflicting provisions in a general law, but allows for a specific exemption from its terms in general law. Such an exemption, however, prevails only to the extent of the specific exemption.[3] A review of Chapter 421, Florida Statutes, does not reveal any specific exemption from section 112.061, Florida Statutes, for the reimbursement of travel expenses or per diem allowances for housing authority officers and employees.
While the grants received by the housing authority may contain guidelines for the reimbursement of travel and expenses for training, seminars, or conferences, section 112.061, Florida Statutes, only recognizes special acts, local laws, and specific exemptions in general laws as controlling such reimbursement in a manner other than prescribed by its terms. When the Legislature has prescribed the manner in which something must be done, it effectively operates as a prohibition against its being done in any other manner.[4] Moreover, when the Legislature enumerates certain exceptions or exemptions to a statutory directive, no others may be inferred.[5]
Accordingly, it is my opinion that the guidelines in federal or private grants do not operate as an exception to the reimbursement provisions in section 112.061, Florida Statutes. The Riviera Beach Housing Authority, therefore, may not use funds from federal or private grants to reimburse travel expenses or pay per diem to officers and employees of the authority at rates other than those prescribed in section 112.061, Florida Statutes.
Sincerely
Robert A. Butterworth Attorney General
RAB/tls
[1] See, s. 112.061(1), Fla. Stat.
[2] Section 112.061(2)(a), Fla. Stat.
[3] See, s. 112.061(1)(b)1., Fla. Stat. Cf., s. 112.061(1)(b)2., Fla. Stat., stating: "The provisions of any special or local law, present or future, shall prevail over any conflicting provisions in this section, but only to the extent of the conflict."
[4] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944);Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952); Thayerv. State, 335 So.2d 815, 817 (Fla. 1976).
[5] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952) (where a statute sets forth exceptions, no others may be implied to be intended).